UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUY N. THOMAS,<br>  1530 Thomas Lake Pointe Road, Apt. 103<br>  Eagan, Minnesota  55122,<br><br>     Plaintiff,<br><br>     v.<br><br>ALBERTO R. GONZALES,<br>  In His Official Capacity as United States<br>  Attorney General,<br><br>     Defendant.<br><br><u>Serve:</u><br>  Hon. Alberto R. Gonzales<br>  Attorney General of the United States<br>  United States Department of Justice<br>  Office of the Attorney General<br>  950 Pennsylvania Avenue, N. W.<br>  Washington, D. C.  20530-0001<br><br><u>Also Serve:</u><br>  Hon. Kenneth L. Wainstein<br>  United States Attorney<br>    for the District of Columbia<br>  555 4th Street, N. W.<br>  Washington, D. C.  20001-2733 | Civil Action No. _____ |

<u>COMPLAINT</u>

(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON
RACE, AND UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES)

COMES NOW the Plaintiff in this matter, Mr. Guy N. Thomas, by and through counsel, to bring this Federal District Court lawsuit against the aforenamed Defendant, and in furtherance hereof states as follows:

I.  JURISDICTION

1. Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Guy N. Thomas was unlawfully discriminated against in the course of his employment by the United States Government on the basis of race (African-American) and was further subjected to unlawful retaliation in employment for engaging in protected EEO activities, as identified herein.

II.  VENUE

2. Venue is proper before this Court because the Defendant maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

III.  PARTIES

3. Plaintiff Guy N. Thomas is an African-American male currently domiciled in Eagan, Minnesota, and who, at the current time and for all times relevant herein, has been employed on a full-time basis as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), under the United States Department of Justice (hereinafter "DOJ").  The Bureau of Alcohol, Tobacco, Firearms and Explosives

has its headquarters located at 650 Massachusetts Avenue, N. W., Washington, D. C. 20226.

4. Defendant Alberto R. Gonzales is the Attorney General of the United States and, as such, is the Defendant only in his official capacity as Attorney General.  Mr. Gonzales is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subordinate agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The bases of this case are Plaintiff's ongoing claims of unlawful discrimination based upon race (African-American) and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow.  During the periods of time alleged in the course of this Complaint, Plaintiff Thomas has served as Assistant Special Agent in Charge (ASAC), Grade GS-1811-15, within the St. Paul, Minnesota, Field Division of ATF.

6. On May 3, 2005, Plaintiff Thomas filed a Formal Complaint against ATF based upon unlawful discrimination and retaliation in Federal employment (Agency Complaint No. E-05-0029).  The first of two claims in this EEO Formal Complaint is that in approximately March 2005 Plaintiff Thomas was unfairly denied (based upon his race and prior protected activity) an opportunity to compete for a vacant Special Agent in Charge (SAC) position in the St. Paul Field Division of ATF, a position to which Bernard Zapor (a white male) was assigned by the Agency.  The second claim made within this Complaint (which was incorporated by the Agency into the initial Complaint filed in May 2005) is that in approximately September 2005 Plaintiff Thomas was unfairly denied (again, based upon his race and prior protected activity) selection for a vacant Special

Agent in Charge (SAC) position in the Boston, Massachusetts, Field Division of ATF, a position to which Glenn Anderson (a white male) was assigned by the Agency.

7. Following an Investigation conducted by the Department of Justice Complaint Adjudication Office (DJ Number 187-9-58), the Department of Justice entered a Final Decision on January 26, 2007, denying Plaintiff's two claims.  This matter is, thus, timely filed with the Court subsequent to the issuance of the Final Decision by the Department of Justice.

8. On August 24, 2005, Plaintiff Thomas filed against ATF another Formal Complaint for unlawful discrimination and retaliation in employment (Agency Complaint No. E-05-0044).  The subject of this EEO Complaint is that Plaintiff Thomas was discriminated against and subjected to unlawful reprisal when, earlier in 2005, he was not selected for the ATF Senior Executive Candidate Program under ATF Vacancy Announcement No. WA152783-TFG.

9. Following a separate Investigation conducted by the Department of Justice Complaint Adjudication Office (DJ Number 187-9-51), the Department of Justice entered a Final Decision on January 26, 2007, denying Plaintiff's claims.  This matter is, thus, timely filed with the Court subsequent to the issuance of the Final Decision by the Department of Justice.

10. On January 26, 2006, Plaintiff Thomas filed against ATF another Formal Complaint for employment (Agency Complaint No. E-05-00106).  The subject of this EEO Complaint is that Plaintiff Thomas was discriminated against and subjected to unlawful reprisal when his Supervisor, SAC Bernard Zapor, issued him a Letter of Reprimand and took other disciplinary actions for alleged workplace misconduct.  The

EEO Complaint also alleged that Deputy Assistant Director (DAD) Carson Carroll acted with unlawful discrimination and retaliation in denying Plaintiff Thomas' appeal of the Letter of Reprimand.

11. The Department of Justice Complaint Adjudication Office did not initiate action on this Formal Complaint until approximately March 2007, far beyond the Agency's six-month regulatory period for concluding action on an EEO Formal Complaint. Because the six-month processing time for adjudication has expired, this matter also is timely filed with the Court for judicial disposition.

12. The Court and the Defendant also are respectfully given notice of another pending Formal EEO Complaint filed by Plaintiff Thomas against ATF on November 16, 2006. This Complaint alleges that Plaintiff Thomas was discriminated against and subjected to unlawful reprisal when his Supervisor, SAC Bernard Zapor, in conjunction with Deputy Assistant Director (DAD) Carson Carroll, issued to Plaintiff Thomas a negative Performance Appraisal for the period June 1, 2005, through September 30, 2006. The six-month period for the Agency to complete action on this EEO Complaint will end on May 16, 2007, after which Plaintiff Thomas intends to file an Amended Complaint to incorporate these actions also within this Complaint.

V. BACKGROUND

13. Plaintiff Guy Thomas has been employed by ATF since January 31, 1988, and has held a number of positions within the Agency since his initial employment.

14. In the course of his career, Plaintiff has been subject to a number of discriminatory acts based upon his race (Black), and his national origin (African-

American), in the areas of promotion, training, assignments, awards, and performance evaluations.

15. Prior to the filing of this United States District Court Complaint, Plaintiff Thomas has initiated and litigated substantial cases based upon previous acts of unlawful discrimination and retaliation while in ATF employment. These previous cases included the following:

a. Plaintiff Thomas participated actively and as a Named Plaintiff in the Class Action litigation brought by African-American special agents of ATF, which litigation was styled Larry D. Stewart, et. al., v. Lloyd Bentsen, Secretary, Department of the Treasury, Civil Action No. 90-2841 (RCL), before the United States District Court for the District of Columbia. In the course of this litigation, Plaintiff (i) filed a supporting "Declaration of Guy Thomas" in the initial stages of the Class Action litigation; (ii) actively contributed to the Class Action litigation fund; (iii) participated in a detailed submission of a Claim for Equitable Relief under provisions of the Class Action litigation settlement, including submission of an additional "Declaration of Guy Thomas" dated November 11, 1997, detailing discriminatory employment treatment; and, (iv) further pursued an appeal of the subsequent ATF denial of his Claim for Equitable Relief, with a submission to the settlement appellate authority, including yet another "Statement" of Guy Thomas dated December 8, 1998, which provided further evidence of discriminatory and retaliatory treatment from ATF. In the course of the extended subsequent litigation settlement, Plaintiff also submitted and was awarded funds for the reimbursement of costs in pursuing his claims, and for certain compensatory damages. Participation in the Class Action matter extended actively through 2002.

b.  Plaintiff has a currently pending case before the United States District Court for the District of Columbia styled Guy N. Thomas v. John Ashcroft, Attorney General, CA No. 04-cv-10061 (PLF)(DAR), filed June 28, 2004.  This case originally alleged unlawful discrimination based upon race and disability (Counts I and II), and unlawful retaliation for protected EEO activities (Count III), predicated upon Plaintiff Thomas' non-selection for one of two vacant positions as Supervisory Criminal Investigator (Assistant Special Agent in Charge), Grade GS-1811-15, of the New Orleans, Louisiana, Field Division of ATF.  This case has been in active litigation since June 2004.  On March 23, 2007, Magistrate Judge Robinson issued a Report and Recommendation that Defendant's Motion for Summary Judgment be Granted with respect to Count II (unlawful discrimination based upon disability) and Denied with respect to Count I (unlawful discrimination based upon race) and Count III (unlawful retaliation for protected activities).  Defendant is in the course of filing comments in this prior proceeding to the District Judge regarding the Magistrate's Report and Recommendation.

c.  With respect to each of the succeeding EEO Complaints filed against ATF by Plaintiff Thomas as identified in this lawsuit, the claims of unlawful reprisal for previous protected EEO activities include also those already pending claims identified herein.

16. Senior officials of ATF, including the officials responsible for the adverse actions and determinations alleged herein, constituting the decision-makers in the selections for SAC for the St. Paul and Boston ATF Field Divisions; the selecting

7

officials for the SES Executive Service Candidate Development Program; SAC Bernard Zapor; and DAD Carson Carroll, have been informed of and are fully aware of: (1) Plaintiff's past protected EEO participation in the <u>Stewart</u> Class Action litigation through, <u>inter alia</u>, documents circulated among ATF Enforcement Management Staff and ATF Division Chiefs in the course of the <u>Stewart</u> litigation settlement negotiations and claims resolutions; (2) Plaintiff's past protected EEO activity in the <u>Thomas v. Gonzales</u> pending Federal Court litigation (many of whom were witnesses in the ongoing case); and, (3) In the cases of SAC Zapor and DAD Carroll, have been subjects of previously filed EEO Complaints filed by Plaintiff Thomas.

17.  With respect to the non-selection of Plaintiff Thomas and the selection of Bernard Zapor for the Special Agent in Charge of the St. Paul, Minnesota, Field Division of ATF, Plaintiff Thomas was denied the ability to compete fairly and objectively for such position because of an arbitrary, capricious and biased selection process used by ATF for such selections.

18.  With respect to the non-selection of Plaintiff Thomas and the selection of Bernard Zapor for the Special Agent in Charge of the St. Paul, Minnesota, Field Division of ATF, Plaintiff Thomas was a superior candidate with substantially superior and directly relevant credentials for the SAC position over the selected white candidate, Bernard Zapor.

19.  With respect to the non-selection of Plaintiff Thomas and the selection of a non-minority candidate for the Special Agent in Charge of the Boston, Massachusetts, Field Division of ATF, Plaintiff Thomas was denied the ability to compete fairly and objectively for such position because of an arbitrary, capricious and biased selection

8

process used by ATF for such selections. Included among the "criteria" created for such position was a newly established minimum of three years time in service at Grade GS-1811-15; criteria established, *inter alia*, to exclude Plaintiff Thomas from selection as SAC of the Boston Field Division because he previously had been unfairly delayed in his promotion to Grade GS-15..

20. With respect to the non-selection of Plaintiff Thomas and the selection of a non-minority candidate for the Special Agent in Charge of the Boston, Massachusetts, Field Division of ATF, Plaintiff Thomas was a superior candidate with substantially superior and directly relevant credentials for the SAC position over the selected white candidate.

21. The selection and appointment of an individual Special Agent to hold a SAC position within ATF is a significant beneficial employment action, and the denial of such selection and appointment constitutes an adverse employment action, regardless of whether the selection and appointment as SAC involves an increase of pay.

22. With respect to the failure of ATF to have selected Plaintiff Thomas for the ATF Senior Executive Candidate Program under ATF Vacancy Announcement No. WA152783-TFG, the selection process utilized by the Agency for such selectees is biased and prejudiced against all Black and African-American candidates, and is doubly biased against those individuals who participated actively in the Stewart Class Action litigation or who have pursued individual EEO Complaints against the Defendant subsequent to the Class Action lawsuit. Plaintiff Thomas is included in both of these groups, and was unlawfully retaliated against in the SES Candidate Program selection process as a result of his status. Such rejection of candidate Thomas for this program has

9

continued in 2006 and 2007 in further and ongoing retaliation for his protected EEO activities.

23. The selection and appointment of an individual Special Agent to the ATF SES Candidate Development Program and attenuated training is a significant beneficial employment action, and the denial of such selection and appointment constitutes an adverse employment action, regardless of whether the selection and appointment to the SES Candidate Development Program involves an increase of pay.

24. The reasons enunciated by SAC Bernard Zapor for the issuance of a Letter of Reprimand to Plaintiff Thomas in 2005 were false, improper, racially prejudiced, and motivated by unlawful retaliation for Plaintiff Thomas' prior protected EEO activities. The denial by DAD Carson Carroll of Plaintiff Thomas' grievance regarding the issuance of the Letter of Reprimand was similarly motivated by unlawful retaliation against Plaintiff Thomas for prior protected EEO activities.

25. The issuance of a Letter of Reprimand to a senior official of ATF, including someone in the position of ASAC as was Plaintiff Thomas, is a particularly harsh and career damaging action reserved for significantly adverse conduct or performance. The issuance in 2005 of a Letter of Reprimand to Plaintiff Thomas by SAC Zapor for false, trivial or improper allegations was purposefully and ruthlessly intended to harm Plaintiff Thomas' career and candidacy for further promotional and assignment opportunities, and was singularly motivated for discriminatory and retaliatory purposes.

## COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE

26. Paragraphs 1 through 25 are herein incorporated by reference.

27. The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SAC position vacancies in the St. Paul and Boston Field Offices of ATF, constituted unlawful discrimination based upon race (Black) committed by the Agency, its agents and employees, against the Plaintiff.

28. The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SES Candidate Development Program and training, constituted unlawful discrimination based upon race (Black) committed by the Agency, its agents and employees, against the Plaintiff.

29. The administration of an unfair, biased, and improper Letter of Reprimand to Plaintiff Guy Thomas, who was undeserving of such adverse action, constituted unlawful discrimination based upon race (Black) committed by the Agency, its agents and employees, against the Plaintiff.

30. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT III --- UNLAWFUL RETALIATION<br>OR REPRISAL FOR PROTECTED EEO ACTIVITIES

31. Paragraphs 1 through 30 are herein incorporated by reference.

32. The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SAC position vacancies in the St. Paul and Boston Field Offices of ATF, constituted unlawful

retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

33. The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SES Candidate Development Program and training, constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

34. The administration of an unfair, biased, and improper Letter of Reprimand to Plaintiff Guy Thomas, who was undeserving of such adverse action, constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

35. Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guy Thomas respectfully requests that this Court enter judgment against Defendant and grant Plaintiff the following relief:

a. Payment of all accrued back pay and allowances, plus interest.

b. Payment of compensatory damages in the amount of at least $300,000.00;

c. Correction of Plaintiff's Agency Official Personnel File, personnel records and financial records, to reflect appropriate credit for serving as SAC, St. Paul or Boston Field Divisions of ATF, commencing with the appropriate assignment dates;

     d.  Immediate placement of Plaintiff Thomas in the ATF SES Candidate Development Program at the first such opportunity;

     e.  Removal of the 2005 Letter of Reprimand from Plaintiff Thomas' Agency Official Personnel File, personnel records, and all records of ATF and DOJ;

     f.  Restoration of annual leave which has been lost as a result of Plaintiff's requirements to bring this lawsuit and foregoing administrative action;

     g.  Immediate placement of Plaintiff Thomas into a Special Agent-in-Charge (SAC) position in the New Orleans, Tampa, Dallas, Phoenix or other Plaintiff-approved Field Division of ATF; and,

     h.  Reimbursement and payment of all reasonable attorneys' fees and costs of litigation in pursuing Plaintiff's claims at the administrative and judicial levels.

DEMAND FOR JURY TRIAL

     Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

                                                Respectfully submitted,

                                                _____

                                                MICHAEL W. BEASLEY  
                                                D. C. Bar No. 248930  
                                                200 Park Avenue, Suite 106  
                                                Falls Church, VA  22046  
                                                Phone:  (703) 533-5875  
                                                Fax:  (703) 533-5876  
                                                Cell:  (703) 994-2524  
                                                E-Mail:  beasleys@erols.com

                                                Counsel for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Guy N. Thomas

## DEFENDANTS
Alberto R. Gonzales, as U.S. Attorney General

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael W. Beasley, Esq.
200 Park Avenue, Suite 106
Falls Church, VA  22046
(O)(703) 533-5375; Cell Phone (703) 994-2524

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
**(PLACE AN x IN ONE BOX ONLY)**

- (●) 1  U.S. Government Plaintiff
- ( ) 2  U.S. Government Defendant
- ( ) 3  Federal Question (U.S. Government Not a Party)
- ( ) 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
- [ ] 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* **OR** ○ F. *Pro Se General Civil*

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ● **H.** *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Section 717, Title VII, Civil Rights Act of 1964, as amended, 42 USCA Sec. 1981, et seq.  EEO -- Discrimination and Retaliation in Federal Employment

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 ☐    **DEMAND $** $300,000 + expenses    Check YES only if demanded in complaint

**JURY DEMAND:**    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

**DATE** 4/26/2007    **SIGNATURE OF ATTORNEY OF RECORD** _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

    **I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

    **IV.**    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    **VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.