## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUY N. THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-cv-0758** |
| ) | **(RMU)** |
| **ALBERTO R. GONZALES,** ) | |
| **As Attorney General of the United States,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## AMENDED COMPLAINT
### (UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON RACE AND COLOR, AND UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES)

COMES NOW the Plaintiff in this matter, Mr. Guy N. Thomas, by and through counsel, to bring this amended Federal District Court lawsuit against the aforenamed Defendant, and in furtherance hereof states as follows:

### I.  JURISDICTION

1.  Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Guy N. Thomas was unlawfully discriminated against in the course of his employment by the United States Government on the bases of race (African-

American), color (Black), and was further subjected to unlawful retaliation in

employment for engaging in protected EEO activities, as identified herein.

## II.  VENUE

2.  Venue is proper before this Court because the Defendant maintains its

Headquarters administrative offices and records which are subject to the matters

complained of within the geographical boundaries of the District of Columbia; because

the primary actions complained of either occurred within or were directed within the

geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section

1391(e).

## III.  PARTIES

3.  Plaintiff Guy N. Thomas is an African-American Black male currently

domiciled in Eagan, Minnesota, and who, at the current time and for all times relevant

herein, has been employed on a full-time basis as a Special Agent with the Bureau of

Alcohol, Tobacco,  Firearms and Explosives (hereinafter "ATF"), under the United States

Department of Justice (hereinafter "DOJ").  The Bureau of Alcohol, Tobacco, Firearms

and Explosives has its headquarters located at 650 Massachusetts Avenue, N. W.,

Washington, D. C.  20226.

4.  Defendant Alberto R. Gonzales is the Attorney General of the United States

and, as such, is the Defendant only in his official capacity as Attorney General.  Mr.

Gonzales is the senior Executive Branch federal official responsible for the actions of the

United States Department of Justice and its subordinate agency, the Bureau of Alcohol,

Tobacco, Firearms and Explosives.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  The bases of this case are Plaintiff's ongoing claims of unlawful discrimination based upon race (African-American), color (Black) and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow.  During the periods of time alleged in the course of this Complaint, Plaintiff Thomas has served as Assistant Special Agent in Charge (ASAC), Grade GS-1811-15, within the St. Paul, Minnesota, Field Division of ATF.

6.  On May 3, 2005, Plaintiff Thomas filed a Formal Complaint against ATF based upon unlawful discrimination and retaliation in Federal employment (Agency Complaint No. E-05-0029).  The first of two claims in this EEO Formal Complaint is that in approximately March 2005 Plaintiff Thomas was unfairly denied (based upon his race, color, and prior protected activity) an opportunity to compete for a vacant Special Agent in Charge (SAC) position in the St. Paul Field Division of ATF, a position to which Bernard Zapor (a white male) was assigned by the Agency.  The second claim made within this Complaint (which was incorporated by the Agency into the initial Complaint filed in May 2005) is that in approximately September 2005 Plaintiff Thomas was unfairly denied (again, based upon his race, color and prior protected activity) selection for a vacant Special Agent in Charge (SAC) position in the Boston, Massachusetts, Field Division of ATF, a position to which Glenn Anderson (a white male) was assigned by the Agency.

7.  Following an Investigation conducted by the Department of Justice Complaint Adjudication Office (DJ Number 187-9-58), the Department of Justice entered a Final Decision on January 26, 2007, denying Plaintiff's two claims.  This matter is, thus, timely

filed with the Court subsequent to the issuance of the Final Decision by the Department of Justice.

8.  On August 24, 2005, Plaintiff Thomas filed against ATF another Formal Complaint for unlawful discrimination and retaliation in Federal employment (Agency Complaint No. E-05-0044).  The subject of this EEO Complaint is that Plaintiff Thomas was discriminated against on the bases of race (African-American), color (Black), and was subjected to unlawful reprisal when, earlier in 2005, he was not selected for the ATF Senior Executive Candidate Program under ATF Vacancy Announcement No. WA152783-TFG.

9.  Following a separate Investigation conducted by the Department of Justice Complaint Adjudication Office (DJ Number 187-9-51), the Department of Justice entered a Final Decision on January 26, 2007, denying Plaintiff's claims.  This matter is, thus, timely filed with the Court subsequent to the issuance of the Final Decision by the Department of Justice.

10.  On January 26, 2006, Plaintiff Thomas filed against ATF another Formal Complaint for unlawful discrimination and retaliation in Federal employment (Agency Complaint No. E-05-00106).  The subject of this EEO Complaint is that Plaintiff Thomas was discriminated against on the bases of race (African-American), color (Black), and was subjected to unlawful reprisal when his Supervisor, SAC Bernard Zapor, issued him a Letter of Reprimand and took other disciplinary actions for alleged workplace misconduct.  The EEO Complaint also alleged that Deputy Assistant Director (DAD) Carson Carroll acted with unlawful discrimination and retaliation in denying Plaintiff Thomas' appeal of the Letter of Reprimand.

11.  The Department of Justice Complaint Adjudication Office did not initiate action on the Formal Complaint until approximately March 2007, far beyond the Agency's six-month regulatory period for concluding action on an EEO Formal Complaint.  Because the six-month (180 days) processing time for adjudication has expired, this matter also is timely filed with the Court for judicial disposition.

12.  On November 16, 2006, Plaintiff Thomas filed against ATF another formal complaint of unlawful discrimination and retaliation in Federal employment (ATF Docket Number 2007-00037).  This EEO Complaint alleges that Plaintiff Thomas was discriminated against on the bases of race (African-American), color (Black), and was subjected to unlawful reprisal when his Supervisor, SAC Bernard Zapor, in conjunction with Deputy Assistant Director (DAD) Carson Carroll, issued to Plaintiff Thomas a negative Performance Appraisal for the period June 1, 2005, through September 30, 2006.  The six-month (180 day) period for the Agency to complete action on this EEO Complaint ended on May 16, 2007, so inclusion of these claims also is timely incorporated within this United States District Court Amended Complaint.

## V. BACKGROUND

13.  Plaintiff Guy Thomas has been employed by ATF since January 31, 1988, and has held a number of positions within the Agency since his initial employment.

14.  In the course of his career, Plaintiff has been subject to a number of discriminatory acts based upon his race (Black), and his national origin (African-American), in the areas of promotion, training, assignments, awards, and performance evaluations.

15.  Prior to the filing of this United States District Court Complaint, Plaintiff Thomas has initiated and litigated substantial cases based upon previous acts of unlawful discrimination and retaliation while in ATF employment.  These previous cases included the following:

a.  Plaintiff Thomas participated actively and as a Named Plaintiff in the Class Action litigation brought by African-American special agents of ATF, which litigation was styled Larry D. Stewart, et. al., v. Lloyd Bentsen, Secretary, Department of the Treasury, Civil Action No. 90-2841 (RCL), before the United States District Court for the District of Columbia.  In the course of this litigation, Plaintiff (i) filed a supporting "Declaration of Guy Thomas" in the initial stages of the Class Action litigation; (ii) actively contributed to the Class Action litigation fund; (iii) participated in a detailed submission of a Claim for Equitable Relief under provisions of the Class Action litigation settlement, including submission of an additional "Declaration of Guy Thomas" dated November 11, 1997, detailing discriminatory employment treatment; and, (iv) further pursued an appeal of the subsequent ATF denial of his Claim for Equitable Relief, with a submission to the settlement appellate authority, including yet another "Statement" of Guy Thomas dated December 8, 1998, which provided further evidence of discriminatory and retaliatory treatment from ATF.  In the course of the extended subsequent litigation settlement, Plaintiff also submitted and was awarded funds for the reimbursement of costs in pursuing his claims, and for certain compensatory damages.  Participation in the Class Action matter extended actively through 2002.

b.  Plaintiff has a currently pending case before the United States District Court for the District of Columbia styled Guy N. Thomas v. John Ashcroft, Attorney

General, CA No. 04-cv-10061 (PLF)(DAR), filed June 28, 2004.  This case originally

alleged unlawful discrimination based upon race and disability (Counts I and II), and

unlawful retaliation for protected EEO activities (Count III), predicated upon Plaintiff

Thomas' non-selection for one of two vacant positions as Supervisory Criminal

Investigator (Assistant Special Agent in Charge), Grade GS-1811-15, of the New

Orleans, Louisiana, Field Division of ATF.  This case has been in active litigation since

June 2004.  On March 23, 2007, Magistrate Judge Robinson issued a Report and

Recommendation that Defendant's Motion for Summary Judgment be Granted with

respect to Count II (unlawful discrimination based upon disability) and Denied with

respect to Count I (unlawful discrimination based upon race) and Count III (unlawful

retaliation for protected activities).  Defendant has filed objections to the Report and

Recommendation, and the matter is pending before United States District Judge

Friedman.

        c.  With respect to each of the succeeding EEO Complaints filed against

ATF by Plaintiff Thomas as identified in this lawsuit, the claims of unlawful reprisal for

previous protected EEO activities include also those already pending claims identified

herein.

        16.  Senior officials of ATF, including the officials responsible for the adverse

actions and determinations alleged herein, constituting the decision-makers in the

selections for SAC for the St. Paul and Boston ATF Field Divisions; the selecting

officials for the SES Executive Service Candidate Development Program; SAC Bernard

Zapor; and DAD Carson Carroll, have been informed of and are fully aware of:

(1) Plaintiff's past protected EEO participation in the <u>Stewart</u> Class Action litigation through, *inter alia*, documents circulated among ATF Enforcement Management Staff and ATF Division Chiefs in the course of the <u>Stewart</u> litigation settlement negotiations and claims resolutions; (2) Plaintiff's past protected EEO activity in the <u>Thomas v. Gonzales</u> pending Federal Court litigation (many of whom were and remain adverse witnesses in the ongoing case); and, (3) In the cases of SAC Zapor and DAD Carroll, have been subjects of previously filed EEO Complaints filed by Plaintiff Thomas.

17.   With respect to the non-selection of Plaintiff Thomas and the selection of Bernard Zapor for the Special Agent in Charge of the St. Paul, Minnesota, Field Division of ATF, Plaintiff Thomas was denied the ability to compete fairly and objectively for such position because of an arbitrary, capricious and biased selection process used by ATF for such selections.

18.   With respect to the non-selection of Plaintiff Thomas and the selection of Bernard Zapor for the Special Agent in Charge of the St. Paul, Minnesota, Field Division of ATF, Plaintiff Thomas was a superior candidate with substantially superior and directly relevant credentials for the SAC position over the selected white candidate, Bernard Zapor.

19.   With respect to the non-selection of Plaintiff Thomas and the selection of a non-minority candidate for the Special Agent in Charge of the Boston, Massachusetts, Field Division of ATF, Plaintiff Thomas was denied the ability to compete fairly and objectively for such position because of an arbitrary, capricious and biased selection process used by ATF for such selections.  Included among the "criteria" created for such position was a newly established minimum of three years time in service at Grade GS-

1811-15; criteria established, *inter alia*, to exclude Plaintiff Thomas from selection as SAC of the Boston Field Division because he previously had been unfairly delayed in his promotion to Grade GS-15..

20.  With respect to the non-selection of Plaintiff Thomas and the selection of a non-minority candidate for the Special Agent in Charge of the Boston, Massachusetts, Field Division of ATF, Plaintiff Thomas was a superior candidate with substantially superior and directly relevant credentials for the SAC position over the selected white candidate.

21.  The selection and appointment of an individual Special Agent to hold a SAC position within ATF is a significant beneficial employment action, and the denial of such selection and appointment constitutes an adverse employment action, regardless of whether the selection and appointment as SAC involves an increase of pay.

22.  With respect to the failure of ATF to select Plaintiff Thomas for the ATF Senior Executive Candidate Program under ATF Vacancy Announcement No. WA152783-TFG, the selection process utilized by the Agency for such selectees is biased and prejudiced against all Black and African-American candidates, and is doubly biased against those individuals who participated actively in the Stewart Class Action litigation or who have pursued individual EEO Complaints against the Defendant subsequent to the Stewart Class Action lawsuit.  Plaintiff Thomas is included in both of these excluded groups, and was unlawfully retaliated against in the SES Candidate Program selection process as a result of his status as a Black candidate with a history of EEO complaints.  Such rejection of candidate Thomas for this program has continued in

2006 and 2007 in further and ongoing retaliation for Plaintiff Thomas' protected EEO activities.

23.  The selection and appointment of an individual Special Agent to the ATF SES Candidate Development Program and attenuated training is a significant beneficial employment action, and the denial of such selection and appointment constitutes an adverse employment action, regardless of whether the selection and appointment to the SES Candidate Development Program involves an increase of pay.

24.  The reasons enunciated by SAC Bernard Zapor for the issuance of a Letter of Reprimand to Plaintiff Thomas in 2005 were false, improper, racially prejudiced, and motivated by unlawful retaliation for Plaintiff Thomas' prior protected EEO activities. The denial by DAD Carson Carroll of Plaintiff Thomas' grievance regarding the issuance of the Letter of Reprimand was similarly motivated by unlawful retaliation against Plaintiff Thomas for prior protected EEO activities.

25.  The issuance of a Letter of Reprimand to a senior official of ATF, including someone in the position of ASAC as was Plaintiff Thomas, is a particularly harsh and career damaging action reserved for significantly adverse conduct or performance.  The issuance in 2005 of a Letter of Reprimand to Plaintiff Thomas by SAC Zapor for false, trivial or improper allegations was purposefully and ruthlessly intended to harm Plaintiff Thomas' career and candidacy for further promotional and assignment opportunities, and was singularly motivated for discriminatory and retaliatory purposes.

26.  Plaintiff Thomas was further discriminated against and subjected to unlawful reprisal when his Supervisor, SAC Bernard Zapor, in conjunction with Deputy Assistant

Director (DAD) Carson Carroll, issued to Plaintiff Thomas a negative Performance Appraisal for the period June 1, 2005, through September 30, 2006.

27.  The issuance of a negative Performance Appraisal to a senior ATF official, and particularly to a special agent in an ASAC position, is an extraordinary and harsh adverse action taken by the Agency – usually for substantial misconduct or malfeasance in official duties.

28.  In the instance of the Performance Appraisal given to ASAC Plantiff Thomas for the period June 2005 through September 2006, negative and adverse comments provided therein were false, misstated, exaggerated, and provided as pretexts for the ongoing and increasing commission of unlawful discrimination based upon race and unlawful retaliation for past protected EEO activities by the Agency and its officials against Plaintiff Thomas.

## COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE AND COLOR

29.  Paragraphs 1 through 28 are herein incorporated by reference.

30.  The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SAC position vacancies in the St. Paul and Boston Field Offices of ATF, constituted unlawful discrimination based upon race (African-American) and color (Black) committed by the Agency, its agents and employees, against the Plaintiff.

31.  The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SES Candidate Development Program and training, constituted unlawful discrimination based

upon race (African-American) and color (Black) committed by the Agency, its agents and employees, against the Plaintiff.

32.  The administration of an unfair, biased, and improper Letter of Reprimand to Plaintiff Guy Thomas, who was undeserving of such adverse action, constituted unlawful discrimination based upon race (African-American) and color (Black) committed by the Agency, its agents and employees, against the Plaintiff.

33.  The administration of an unfair, biased, untrue, undeserved and inappropriate negative Performance Appraisal to Plaintiff Guy Thomas for the period of service from June 2005 through September 2006 constituted unlawful discrimination based upon race (African-American) and color (Black) committed by the Agency, its agents and employees, against the Plaintiff.

34.  Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## COUNT II --- UNLAWFUL RETALIATION
## AND REPRISAL FOR PROTECTED EEO ACTIVITIES

35.  Paragraphs 1 through 34 are herein incorporated by reference.

36.  The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SAC position vacancies in the St. Paul and Boston Field Offices of ATF, constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

37.  The failure of the Defendant Agency in 2005 to select Plaintiff Guy Thomas, the substantially and materially more qualified and appropriate candidate for the SES

Candidate Development Program and training, constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

38.  The administration of an unfair, biased, and improper Letter of Reprimand to Plaintiff Guy Thomas, who was undeserving of such adverse action, constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

39.  The administration of an unfair, biased, untrue, undeserved and inappropriate negative Performance Appraisal to Plaintiff Guy Thomas for the period of service from June 2005 through September 2006 constituted unlawful retaliation for prior protected EEO activities committed by the Agency, its agents and employees, against the Plaintiff.

40.  Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guy Thomas respectfully requests that this Court enter judgment against Defendant and grant Plaintiff the following relief:

a.  Payment of all accrued back pay and allowances, plus interest.

b.  Payment of compensatory damages in the amount of at least $300,000.00;

c.  Correction of Plaintiff's Agency Official Personnel File, personnel records and financial records, to reflect appropriate credit for serving as SAC, St. Paul or Boston Field Divisions of ATF, commencing with the appropriate assignment dates;

d.  Immediate placement of Plaintiff Thomas in the ATF SES Candidate Development Program at the first such opportunity;

e.  Removal of the 2005 Letter of Reprimand and the 2005-2006 Performance Appraisal from Plaintiff Thomas' Agency Official Personnel File, personnel records, and all records of ATF and DOJ, with an explanation in lieu of the 2005-2006 Performance Appraisal stating the at the appraisal was improperly and illegally executed;

f.  Restoration of annual leave which has been lost as a result of Plaintiff's requirements to bring this lawsuit and foregoing administrative action;

g.  Immediate placement of Plaintiff Thomas into a Special Agent-in-Charge (SAC) position in the New Orleans, Tampa, Dallas, Phoenix or other Plaintiff-approved Field Division  of ATF; and,

h.  Reimbursement and payment of all reasonable attorneys' fees and costs of litigation in pursuing Plaintiff's claims at the administrative and judicial levels.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,


____/s/  Michael W. Beasley___
MICHAEL W. BEASLEY
D. C. Bar No. 248930
200 Park Avenue, Suite 106
Falls Church, VA  22046
Phone:  (703) 533-5875
Fax:  (703) 533-5876
Cell:  (703) 994-2524
E-Mail:  beasleys@erols.com

Counsel for Plaintiff

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that one copy of the foregoing Amended Complaint has been

served through the Court's ECF filing system and also has been mailed, by first-class

mail, postage prepaid, to the following named counsel for Defendant, this 30th day of

May, 2007:

Hon. Alberto R. Gonzales
Attorney General of the United States
United States Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, N. W.
Washington, D. C. 20530-0001

Hon. Kenneth L. Wainstein
United States Attorney
 for the District of Columbia
555 4th Street, N. W.
Washington, D. C. 20001-2733

                                        _____/s/_ *Michael W. Beasley*_____
                                        Michael W. Beasley, Esq.
                                        D. C. Bar No. 248930
                                        Attorney for Plaintiff