UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUY N. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, )<br>Attorney General )<br>)<br>Defendant. ) | Civil Action No. 07-0758 |

**DEFENDANT'S ANSWER**

COMES NOW Defendant Alberto Gonzales, Attorney General of the United States, by and through the United States Attorney for the District of Columbia, and hereby provides the following answers and affirmative defenses to the amended complaint filed by Plaintiff Guy Thomas below.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

Without waiving the defenses set forth above, and upon which the Defendant specifically relies, Defendant states that the Bureau of Alcohol, Tobacco, Firearms and Explosives had legitimate, nondiscriminatory reasons for all of the acts and omissions that Plaintiff challenges in his complaint. Furthermore, Plaintiff is not entitled to the relief claimed.

## **SPECIFIC RESPONSES**

### Jurisdiction

1. The allegations set forth in paragraph 1 are Plaintiff's jurisdictional allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

### Venue

2. The allegations set forth in paragraph 2 are Plaintiff's venue allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

### Parties

3. Defendant admits the allegations set forth in Paragraph 3.

4. Defendant admits the allegations set forth in Paragraph 4.

### Exhaustion of Administrative Remedies

5. With respect to Paragraph 5, Defendant only admits that during the periods of time alleged in the course of the Complaint, Plaintiff has served as the Assistant Special Agent in Charge, GS-1811-15, St. Paul Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant denies the allegations set forth in the remainder of the paragraph.

6. With respect to Paragraph 6, Defendant denies that Agency Complaint No. E-05-0029 concerned a claim that Plaintiff was discriminated against on the basis of color. Defendant admits the allegations set forth in the remainder of the paragraph.

7. With respect to paragraph 7, Defendant denies that the Department of Justice Complaint Adjudication rendered any final decision concerning the claim that Plaintiff was

discriminated against on the basis of color, and that Complainant's color discrimination claim is timely filed with the Court. Defendant admits the allegations set forth in remainder of the paragraph.

8. With respect to Paragraph 8, Defendant denies that Agency Complaint No. E-05-0044 concerned a claim that Plaintiff was discriminated against on the basis of color. Defendant admits the remainder of the allegations set forth in the paragraph.

9. With respect to paragraph 9, Defendant denies that the Department of Justice Complaint Adjudication rendered any final decision concerning the claim that Plaintiff was discriminated against on the basis of color, and that Complainant's color discrimination claim is timely filed with the Court. Defendant admits the remainder of the allegations set forth in the paragraph.

10. With respect to Paragraph 10, Defendant denies that Agency Complaint No. E-05-00106 concerned a claim that Plaintiff was discriminated against on the basis of color. Defendant admits the allegations set forth in the remainder of the paragraph.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant admits the allegations set forth in the first sentence of Paragraph 12. Defendant denies the allegations set forth in the remainder of the paragraph.

Background

13. Defendant admits the allegations set forth in Paragraph 13.

14. Defendant denies the allegations set forth in Paragraph 14.

15. With respect to Paragraph 15, Defendant only admits that Plaintiff was a plaintiff in the African-American Special Agent class action lawsuit brought against ATF, and that Plaintiff

has a current pending case before the United States District Court for the District of Columbia styled <u>Guy N. Thomas v. John Ashcroft, Attorney General</u>, CA No. 04-cv-10061.  To the extent the allegations set forth in this paragraph purport to characterize litigation in No. 04-cv-10061 (D.D.C.), Defendant respectfully refers the Court to that docket for a true and complete statement of the status of the litigation, and denies all inconsistent allegations.  Defendant denies the remaining allegations set forth in Paragraph 15.

    16.  Defendant denies the allegations set forth in Paragraph 16.

    17.  Defendant denies the allegations set forth in Paragraph 17.

    18.  Defendant denies the allegations set forth in Paragraph 18.

    19.  Defendant denies the allegations set forth in Paragraph 19.

    20.  Defendant denies the allegations set forth in Paragraph 20.

    21.  Defendant denies the allegations set forth in Paragraph 21.

    22.  Defendant denies the allegations set forth in Paragraph 22.

    23. Defendant denies the allegations set forth in Paragraph 23.

    24. Defendant denies the allegations set forth in Paragraph 24.

    25.  Defendant denies the allegations set forth in Paragraph 25

    26.  Defendant denies the allegations set forth in Paragraph 26.

    27.  Defendant denies the allegations set forth in Paragraph 27

    28. Defendant denies the allegations set forth in Paragraph 28.

<u>Count I</u>

    29.  In Paragraph 28, Plaintiff merely incorporates by reference Paragraphs 1-28.  Defendant hereby incorporates its previous responses to Paragraphs 1-28.

30. Defendant denies the allegations set forth in Paragraph 30.

31. Defendant denies the allegations set forth in Paragraph 31.

32. Defendant denies the allegations set forth in Paragraph 32.

33. Defendant denies the allegations set forth in Paragraph 33.

34. Defendant denies the allegations set forth in Paragraph 34.

## Count II

35. In Paragraph 31, Plaintiff merely incorporates by reference Paragraphs 1-34. Defendant hereby incorporates its previous responses to Paragraphs 1-34.

36. Defendant denies the allegations set forth in Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37.

38. Defendant denies the allegations set forth in Paragraph 38.

39. Defendant denies the allegations set forth in Paragraph 39.

40. Defendant denies the allegations set forth in Paragraph 40.

## Prayer for Relief

This section sets forth Plaintiff's prayer for relief, to which no response is required.. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a..

## Demand for Jury Trial

This paragraph sets forth Plaintiff's demand for a jury trial, to which no response is required.

WHEREFORE, Defendant, having fully answered the allegations in the complaint and set forth his defenses, respectfully requests this Court to enter judgment in favor of Defendant, dismissing the complaint and awarding Defendant such relief as this Court considers just and proper.

Dated: June 29, 2007                                   Respectfully submitted,


                                               /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                               /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                                               /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**
Brian McEntire
Office of Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
650 Massachusetts Avenue, N.W., Suite 6100
Washington, DC 20226
(202) 927-8207
(202) 927-6116 - facsimile
Virginia Bar No. 48552

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June, 2007, I caused a copy of the foregoing Answer to be served upon Plaintiff by the Court's Electronic Case Filing system or, should I receive notice from the ECF system indicating that electronic transmission failed, to be served by first class mail, postage prepaid addressed to:

Michael W. Beasley
200 Park Avenue, Suite 106
Falls Church, VA 22046

                                                                                       Robin M. Meriweather
                                                            Robin M. Meriweather, D.C. Bar # 490114