UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUY N. THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL B. MUKASEY,<br>United States Attorney General,[1]<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 07-0758 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), and in accordance with the Court's Minute Order of November 16, 2007, the parties hereby respectfully submit their Joint Report and Meet and Confer Statement in advance of the Status Conference in this case set for December 18, 2007. This Joint Report is based upon telephonic meetings and exchanges of e-mail between Assistant United States Attorney Brian P. Hudak, on behalf of Defendant, and Michael W. Beasley, Esq., counsel for Plaintiff, commencing on or before November 26, 2007.

This case was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* The case is related to Docket No. 04-1061 (PLF), styled Guy N. Thomas v. John Ashcroft, United States Attorney General. Plaintiff Guy Thomas is a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently serving as the Assistant Special Agent in Charge ("ASAC") of the St. Paul (Minneapolis) Field Division of ATF. ATF is a Federal Agency under the Department of Justice ("DOJ"). The allegations

---

[1]   Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael B. Mukasey, the current United States Attorney General, is automatically substituted for Alberto R. Gonzales, the former United States Attorney General.

include claims of discrimination on the bases of race (African-American) and color (Black), and unlawful retaliation for prior protected EEO activities.

The Defendant denies all allegations raised herein, and maintains that the actions taken by ATF and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.

For the Court's convenience, the remainder of this Joint Report follows the numbering and topics set forth in Local Rule 16.3(c).

1. <u>Dispositive Motions/Discovery Timeframe:</u>  The parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within forty-five (45) days after the receipt of any such motion; and any reply brief should be filed within thirty (30) days after receipt of any such opposition brief.

2. <u>Amendment to Pleadings:</u>  The parties do not currently propose any amendment of the pleadings.

3. <u>Assignment to Magistrate Judge:</u>  The parties currently oppose referral of this case to a Magistrate Judge.

4. <u>Settlement Possibility:</u>  As the Court is aware, this matter previously was referred to Magistrate Judge Kay for mediation along with the "related case" Docket No. 04-1061 (PLF). The parties remained far apart in such negotiations, however, and do not believe further mediation will be helpful until resolution of the related case (currently being referred to trial). Should the position of either party change in this respect, it is agreed by the parties that further settlement discussions may indeed prove helpful, and the Court shall be notified promptly if such discussions warrant any change to the procedural schedule established for this docket.  Absent

such a development, any further mediation should occur following completion of discovery in this matter.

     5.    <u>Alternative Dispute Resolution:</u>  The parties believe that alternative dispute resolution may be appropriate after the close of discovery.

     (i)    Plaintiff's objective in bringing this suit is to obtain relief set forth in the Amended Complaint. Defendant's objective in defending this suit is to obtain post-discovery summary judgment in its favor on all of Plaintiff's claims.

     (ii)    The parties have conducted settlement discussions as set forth above (¶ 4).

     (iii)    The parties agree that further settlement discussions should occur after the close of discovery.

     (iv)    At this time, the parties do not know if the case will benefit from any further neutral evaluation. Such efforts previously have been attempted by Magistrate Judge Kay during the settlement discussions stated above (¶ 4). If any further evaluations are to take place in this case, the parties believe that they should be done after the completion of discovery.

     (v)    The parties do not believe that discovery should be stayed.

     6.    <u>Dispositive Motions / Discovery Timeframe:</u>  As noted above, the parties believe that any post-discovery dispositive motions should be filed within forty-five (45) days after the close of discovery; any opposition brief to summary judgment should be filed within forty-five (45) days after the receipt of any such motion; and any reply brief should be filed within thirty (30) days after receipt of any such opposition brief.

     7.    <u>Initial Disclosures:</u> The parties note that Agency Investigative Reports have been compiled and distributed covering a number of the claims cited in the Amended Complaint. As a

result, the parties recommend the exchange of Initial Disclosures within forty-five (45) days following the Status Conference to be conducted December 18, 2007.

8. Discovery: The parties propose that discovery be completed within 180 days from the commencement of discovery, which shall commence upon the exchange of Initial Disclosures (¶ 7). The parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Specifically, the parties believe that twenty-five (25) interrogatories and seven (7) depositions per party should be sufficient. Because promotion-related documents will be at issue in this case, it is recognized by the parties that a Protective Agreement may be appropriate for execution by the parties. If so, the parties will provide such Agreement to the Court for approval and issuance of a related Protective Order.

9. Experts: The parties do not know at this time whether expert witnesses will be necessary. The parties propose that any experts be designated no later than ninety (90) days after the commencement of discovery, and that any rebuttal experts be designated no later than sixty (60) days thereafter. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply to this case.

10. Class Actions: This is not a class action case and, therefore, this paragraph of Local Rule 16.3 does not apply.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation at this time.

12. Proposed Date for the Pretrial Conference: The parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion(s).

13. <u>Trial Date</u>:  The parties believe that the Court should schedule a trial date at the Pretrial Conference.

14. <u>Other Matters</u>:  The parties are not aware of any other matters requiring resolution by the Court at this time.

Respectfully submitted,

| | |
|---|---|
|    /s/  Michael W. Beasley          <br>MICHAEL W. BEASLEY, ESQ.<br>D. C. Bar No. 248930<br>200 Park Avenue, Suite 106<br>Falls Church, Virginia 22046<br>Phone: (703) 533-5875<br>Fax: (703) 533-5876<br>beasleys2@verizon.net<br><br>*Attorney for Plaintiff* |    /s/ Jeff Taylor                <br>JEFFREY A. TAYLOR<br>D.C. Bar No. 498610<br>United States Attorney<br><br>   /s/ Rudolph Contreras        <br>RUDOLPH CONTRERAS<br>D.C. Bar No. 434122<br>Assistant United States Attorney<br><br>   /s/ Brian P. Hudak            <br>BRIAN P. HUDAK<br>Assistant United States Attorney<br>555 Fourth Street, N. W.<br>Washington, D.C.  20530<br>Phone: (202) 514-7143<br>Fax: (202) 514-8780<br>brian.hudak@usdoj.gov<br><br>*Attorneys for Defendant* |

December 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUY N. THOMAS, )<br>)<br>        **Plaintiff,** )<br>)<br>        v. )<br>)<br>MICHAEL B. MUKASEY, )<br>**United States Attorney General,** )<br>)<br>        **Defendant.** )<br>) | Civil Case No. 07-0758 (PLF) |

## [PROPOSED] INITIAL SCHEDULING ORDER

Upon consideration of the Joint Report Pursuant to Local Rule 16.3, dated December 11, 2007, and the entire record herein, it is hereby:

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 45 days of the conference held on this matter on December 18, 2007;

ORDERED that discovery shall commence upon the exchange of initial disclosures and be concluded 180 days thereafter;

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, except that the parties shall be limited to twenty-five (25) interrogatories and seven (7) depositions each;

ORDERED that expert discovery shall be conducted in accordance with Fed. R. Civ. P. 26(a)(2), except that experts shall be designated no later than ninety (90) calendar days after the commencement of discovery and rebuttal experts shall be designated no later than sixty (60) calendar days thereafter;

2

      ORDERED that any motions for summary judgment be due within 45 calendar days after the close of discovery, oppositions due within 45 calendar days after receipt of any such motion, and replies due within 30 calendar days after receipt of any such opposition; and it is further

      ORDERED that a date for a pretrial conference shall be set after resolution of any post-discovery summary judgment motions.

_____            _____
Date            PAUL L. FRIEDMAN
           United States District Judge

Copies to Counsel of Record Via ECF